IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT | § | |
| v. | § | CIVIL ACTION NO. 6:11cv364 |
| OFFICER WARREN, MAILROOM SUPERVISOR, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Barry Emmett, proceeding *pro se*, filed this civil action under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Emmett says that his life is in imminent danger because Officer Warren, the mailroom supervisor, is "placing my life in danger by a repeated disposal of my outgoing legal mail." He says that this is prejudicial because he is a "pro se criminal litigant." Specifically, Emmett indicates that Warren "disposed of a criminal writ of mandamus" which he was sending through regular mail, and this places his life in danger. He filed a grievance, but this was returned unprocessed because it was a submission in excess of one every seven days. Emmett also complains that Warden Rupert failed to train and supervise his staff and was indifferent to Warren's actions, and that Oliver Bell, Chairman of the Texas Board of Criminal Justice, failed to implement policies of training mailroom supervisors.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that Emmett had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted, and thus cannot proceed under the *in forma pauperis* statute unless he shows that he is in imminent danger of serious physical injury, as set out in 28 U.S.C. §1915(g). In the present case, the Magistrate Judge said, Emmett did not pay the filing fee, nor did he show that he was in imminent danger of serious physical injury; the Magistrate Judge specifically stated that Emmett 's conclusory assertion that he was in "imminent danger" because the mailroom officer would not send a "criminal mandamus petition" was not sufficient to make such a showing. The Magistrate Judge therefore recommended that Emmett be denied *in forma pauperis* status and that the lawsuit be dismissed.

Emmett filed objections to the Magistrate Judge's Report on August 29, 2011. In his objections, Emmett says that he told Warren that he had filed this lawsuit, and two things happened; Warren was terminated, and he, Emmett, started receiving his legal mail in 3-5 days instead of 3-5 weeks.

Emmett states that "jurisdictional preclusion of criminal legal mail would be difficult to prove at this time, making the 1915(g) bar difficult to overcome." He says that the regular mail is "grossly indifferent" and asserts that delaying his mail could place him in imminent danger because one issue that he is trying to rectify through regular mail is the fact that he is legally blind and can no longer protect himself. According to Emmett, a doctor has ordered that he be placed in a "blind program" but that "someone" has overridden this order. He states that he is writing to his family to request that "a multitude of things be done to correct someone placing my life in danger."

These allegations are not sufficient to show that the circumstances complained of in the lawsuit are placing Emmett in imminent danger of serious physical injury. *See, e.g.*, Bell v. Allen, civil action no. 06-496-CG, 2007 WL 484547 (S.D.Ala., February 8, 2007) (claims of denial of access to court, obstruction of justice, and interference with outgoing mail do not result in

imminent danger that may result in serious physical harm); Skillern v. Edenfield, civil action no. CV-610-044, 2010 WL 5638731 (S.D.Ga, December 21, 2010) (allegations of improper interference with mail affecting Plaintiff's access to court are "plainly inadequate" to bring Plaintiff's case within the imminent danger exception in §1915(g)). While Emmett may be legally blind, he fails to show how interference with his mail directly places him in imminent danger of serious physical injury; as the Magistrate Judge explained, in order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); *see also* Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," did not sufficiently allege imminent danger). Emmett's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 4) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil rights lawsuit be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* civil action raising the same claims as herein presented, but without prejudice to the refiling of this civil action without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee. Should Emmett pay the full filing fee within 15 days after the date of entry of dismissal, he shall be allowed to proceed in this civil action as though the full fee had been paid from the outset. Payment of the filing fee shall not affect a frivolousness analysis under 28 U.S.C. §1915A. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 11th day of October, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**